# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3635-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SHANE SIMPSON,

    Defendant-Appellant.

_____

Submitted November 29, 2017 — Decided July 26, 2018

Before Judges Fuentes and Koblitz.

On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 10-12-2352.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Lisa Sarnoff Gochman, of counsel and on the brief).

PER CURIAM

On December 1, 2010, a Monmouth County Grand Jury returned an indictment against defendant Shane Simpson charging him with first degree aggravated sexual assault of a seven-year-old child,

identified as C.U., that occurred on April 6, 2010, N.J.S.A. 2C:14-2(a)(1); three counts of second degree sexual assault of C.U. that occurred on April 6, April 13, and April 20, 2010, N.J.S.A. 2C:14-2(b); first degree[1] endangering the welfare of a child, C.U., by causing her to engage in child pornography while in defendant's care, N.J.S.A. 2C:24-4(b)(3); second degree endangering the welfare of a child, C.U., by engaging in sexual contact with the child in a manner that would debauch her morals while having assumed responsibility for her care, N.J.S.A. 2C:24-4(a); fourth degree endangering the welfare of a child, C.U., by possessing child pornography, N.J.S.A. 2C:24-4(b)(5)(b); and fourth degree failing to register as a convicted sex offender on April 6, 2010, N.J.S.A. 2C:7-2(a).[2]

The record shows defendant engaged in extensive and ultimately <u>unsuccessful</u> motion practice that included: (1) a motion to sever certain counts in the indictment; (2) a motion to suppress the admission of self-incriminating statements defendant had made during a custodial interrogation; (3) a motion to determine defendant's competency to stand trial and assist in his

---

[1]  The State amended this charge to a second degree offense before the start of trial.

[2] Defendant was convicted under previous versions of N.J.S.A. 2C:24-4(a), N.J.S.A. 2C:24-4(b)(3), and N.J.S.A. 2C:24-4(b)(5)(b).

own defense; (4) a motion to admit evidence allegedly showing that C.U. was sexually abused when she was three years old; (5) defendant's pro se motion to compel the Public Defender's Office to remove the Assistant Deputy Public Defender assigned to represent him in this case and assign a different attorney;[3] and (6) a motion to recuse the judge from presiding over the trial. Defendant was tried before a jury between March 21, 2012 and April 5, 2012. The jury found defendant guilty on all counts in the indictment.

On September 24, 2012, the court sentenced defendant to an aggregate term of thirty-four years, with a period of parole ineligibility of twenty-eight years, ten months, and twenty-eight days, as required by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2,[4] to be served at the Adult Diagnostic and Treatment

---

[3] Defendant's pro se motion to remove the attorney assigned by the Public Defender's Office to represent him came before the trial court on February 24, 2012. The judge provided defendant the opportunity to be heard before denying the motion. Defendant did not raise this issue on direct appeal.

[4] Only certain offenses are subject to NERA. Here, the crime of first degree aggravated sexual assault requires the court to impose an eighty-five percent period of parole ineligibility and five years of parole supervision. Second degree sexual assault requires the same eighty-five percent period of parole ineligibility, with a three-year period of parole supervision. See N.J.S.A. 2C:43-7.2.

Center (ADTC). See N.J.S.A. 2C:47-3(f). Defendant is also subject to the registration requirements of Megan's Law, N.J.S.A. 2C:7-2.

We affirmed defendant's conviction on direct appeal in an unpublished opinion, State v. Shane Simpson, No. A-1697-12 (App. Div. May 12, 2014) (slip op. at 21). We also affirmed the sentence imposed by the trial court, with one exception. We sua sponte remanded the matter for the court to resentence defendant on the conviction for endangering the welfare of a child under N.J.S.A. 2C:24-4(b)(3) because "the State amended [this charge] to a second-degree crime prior to the start of trial." Id. at 20-21.

On June 18, 2014, the trial court resentenced defendant on this charge to a term of eight years, with four years of parole ineligibility, to be served concurrently to the sentence imposed for first degree aggravated sexual assault. On June 10, 2014, defendant filed a pro se post-conviction relief (PCR) petition alleging, without factual elaboration or citation to relevant legal authority, the following five grounds for relief: (1) court error; (2) ineffective assistance of counsel; (3) prosecutorial misconduct; (4) malicious prosecution; and (5) any other points assigned counsel deems relevant.

The court assigned counsel to assist defendant in prosecuting his PCR petition. According to appellate counsel, PCR counsel filed "supporting briefs" before the PCR court and defendant filed

A-3635-15T3

a pro se motion seeking the revocation of fines. The matter came for oral argument before the PCR court on January 29, 2016. Although the "briefs" referred to by appellate counsel are not included in the record before us, the PCR judge acknowledged receipt of "petitioner's brief in support, which was filed on April 29th, 2015; [and] petitioner's supplemental brief, which was filed on August 14th, 2015 . . . ." After hearing the arguments of counsel, the PCR judge reserved decision.

In an order dated February 25, 2016 supported by a memorandum of opinion, the PCR judge denied defendant's petition. The judge found that the five claims or bases for PCR defendant listed in his petition were procedurally barred under Rule 3:22-4, which states:

> Any ground for relief not raised in the proceedings resulting in the conviction, or in a post-conviction proceeding brought and decided prior to the adoption of this rule, or in any appeal taken in any such proceedings is barred from assertion in a proceeding under this rule unless the court on motion or at the hearing finds:
>
> (1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or
>
> (2) that enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice; or

(3) that denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey.

Relying on the Supreme Court's decision in State v. Mitchell, 126 N.J. 565, 583 (1992), the PCR judge found that "none of the three exceptions to the procedural bar outlined above apply." Notwithstanding this procedural bar, the PCR judge reviewed defendant's claims of ineffective assistance of counsel under the standards established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and subsequently adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987), and found defendant did not establish a prima facie case for relief.

Defendant now appeals, raising the following arguments:

POINT ONE

THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING ON [DEFENDANT'S] CLAIM THAT TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE.

POINT TWO

THE $7000 SCVTF PENALTY MUST BE REVOKED OR THE MATTER REMANDED FOR RECONSIDERATION OF [DEFENDANT'S] CLAIM THAT IT MUST BE REVOKED.

We reject these arguments and affirm. The PCR court correctly found defendant's argument are procedurally barred under Rule 3:22-4. Furthermore, defendant's allegations of ineffective

6

assistance based on trial counsel's decision to decline to present psychiatric evidence are meritless and unsupported by competent evidence.  R. 2:11-3(e)(2).  We affirm substantially for the reasons expressed by the PCR court.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3635-15T3